IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARION ROACH, SR. (#69074), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-2588 |
| | § | |
| GALVESTON COUNTY JAIL, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER**

Galveston County Jail inmate Marion Roach, Sr. (#69074, former TDCJ #143945), has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. Roach proceeds *pro se* and he requests leave to pursue his claims *in forma pauperis*. After conducting a preliminary review of the pleadings pursuant to 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons set forth below.

### I. BACKGROUND

Roach's complaint concerns an incident that occurred at the Galveston County Jail, where he is currently incarcerated. Roach complains that he and several other inmates were "exposed" to "saminla" (*i.e.*, salmonella) or "food poisoning" on July 9, 2008, which caused them to become ill. Roach complains that the Galveston County Jail is liable because the facility does not follow the applicable "health & sanitary regulations" for food services.

Roach seeks unspecified damages. The Court concludes, however, that the complaint must be dismissed for reasons set forth below.

## II.     STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances.  Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").  The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact."  *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A review for failure

to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III. DISCUSSION

### A. Exhaustion of Administrative Remedies

The complaint in this case concerns the conditions of plaintiff's confinement. Under the PLRA, an inmate is required to exhaust administrative remedies for all "action[s] . . . brought with respect to prison conditions" before filing a civil rights suit in federal court

under 42 U.S.C. § 1983 or "any other Federal law." 42 U.S.C. § 1997e(a). The Supreme Court has repeatedly emphasized that § 1997e(a) mandates exhaustion of *all* administrative procedures before an inmate can file any suit challenging prison conditions. *See Booth v. Churner*, 532 U.S. 731, 739 (2001); *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 2382-83 (2006); *see also Jones v. Bock*, — U.S. —, 127 S. Ct. 910, 918-19 (2007) (confirming that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). Consistent with Supreme Court precedent, the Fifth Circuit has also mandated that a prisoner must exhaust his administrative remedies by complying with applicable grievance procedures before filing a federal civil rights lawsuit related to prison conditions. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

Roach concedes in his complaint that he has not exhausted the grievance procedure in place at the Galveston County Jail. (Doc. # 1, *Complaint*, at 3). The Supreme Court has emphasized that the exhaustion requirement found in the PLRA, 42 U.S.C. § 1997e(a), mandates "proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 2387 (2006), which demands compliance with prison procedural rules. Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *See id.*, 126 S. Ct. at 2389-90. By failing to pursue the grievance process, Roach has plainly bypassed administrative procedures.

The Fifth Circuit has held that a district court "can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself

makes clear that the prisoner failed to exhaust." *Carbe v. Lappin*, 492 F.3d 325, 238 (5th Cir. 2007) (citing *Jones*, 127 S. Ct. at 920-91 (holding that courts can dismiss for failure to state a claim when the existence of an affirmative defense, like a statute of limitations bar, is apparent from the face of the complaint)). Because it appears clear from the complaint that Roach has failed to exhaust available administrative remedies before filing suit in federal court, his complaint must be dismissed for failure to state a claim upon which relief can be granted.

### B. Roach Fails to State a Claim

Alternatively, Roach's complaint fails for other reasons. Roach complains that unidentified officials at the Galveston County Jail exposed him and others to an unsafe condition. To prevail on this type of claim under 42 U.S.C. § 1983, Roach must show that officials acted with deliberate indifference to his safety in violation of his constitutional rights. The Eighth Amendment requires that inmates be provided "'well-balanced meal[s] containing sufficient nutritional value to preserve health." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999); *see also Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996) (per curiam) ("To comply with the Constitution, inmates must receive 'reasonably adequate' food."). Roach's claim that Jail officials fail to follow food safety regulations sounds in negligence, and not deliberate indifference. Allegations of negligent or unreasonable action are not sufficient to state a claim under the Eighth Amendment. *See Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *see Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (en banc). The Fifth Circuit has also recognized that "a single incident of unintended food poisoning,

whether suffered by one or many prisoners at an institution, does not constitute a violation of the constitutional rights of the affected prisoners."[1] *George v. King*, 837 F.2d 705, 707 (5th Cir. 1988). For all of the reasons stated above, Roach's complaint fails to state a claim upon which relief can be granted.

## IV. CONCLUSION AND ORDER

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* (Doc. # 2) is **GRANTED**.

2. Officials in charge of the Galveston County Jail inmate trust fund are **ORDERED** to deduct funds from the inmate trust account of Marion Roach, Sr. (#69074) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3. The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the Galveston County Jail, Inmate Accounting, 601 - 54th Street, Suite 2100, Galveston, Texas 77551, Attention: Kay Gonzales; and (2) the District Clerk for the**

---

[1] Likewise, a pretrial detainee's challenge to the conditions of his confinement implicates the Fourteenth Amendment Due Process Clause, which requires that conditions of confinement satisfy certain minimal standards for pretrial detainees. *See Bell v. Wolfish*, 441 U.S. 520 (1979). In that respect, the Due Process Clause prohibits conditions of confinement that are imposed for the purpose of punishment. *Bell*, 441 U.S. at 538. To the extent that Roach is pretrial detainee, he does not allege or show that he was subjected to unconstitutional conditions of confinement for punitive purposes. Therefore, his complaint does not demonstrate a violation of the Due Process Clause.

**Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702,**

**Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on August 29th , 2008.

_____
Nancy F. Atlas
United States District Judge